IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-02187-CNS-KAS

Andru Kulas,
    Plaintiffs.

v.

City of Fort Collins,
Kevin Park, Fort Collins Police Officer, in his individual capacity, and
Avery Hanzlicek, Fort Collins Police Officer, in his individual capacity,
    Defendants.

---

**DEFENDANT CITY OF FORT COLLINS, KEVIN PARK AND AVERY HANZLICEK'S
MOTION TO RESTRICT ECF 62, 62-1 and 62-2
TO A LEVEL I RESTRICTION PURSUANT TO D.C.Colo.LCiv 7.2(c)**

---

Defendants, City of Fort Collins, Kevin Park and Avery Hanzlicek by and through their undersigned counsel, Hall & Evans, LLC, hereby submit the following as their Motion to Restrict ECF 62, 62-1 and 62-2 to a Level I Restriction pursuant to D.C.Colo.LCiv 7.2(c):

### CERTIFICATE OF CONFERRAL

Undersigned Counsel conferred with Counsel for Plaintiff who indicated Plaintiff takes no position on the Motion and defers to the Court.

### CERTIFICATE RE: ARTIFICIAL INTELLIGENCE ("AI")

Counsel for Defendant hereby certifies that no portion of this filing was drafted by AI.

I.  ARGUMENT

On July 22, 2025, the Defendants, City of Fort Collins, Kevin Park and Avery Hanzlicek ("Defendants") filed a Motion for Summary Judgment. (ECF 61) ("Motion"). In support of the Motion, the Defendants submitted certain confidential materials including portions of an administrative investigation, involving the actions of Defendant Park (ECF 62 and 62-1, marked as *Exhibit E* and *Exhibit E-1*); as well as the Court related education taken by Plaintiff, Mr. Kulas (ECF 62-2, marked as *Exhibit J*). The documents, which were previously marked as "Confidential" pursuant to a Stipulated Protective Order, were submitted under a Level 1 restriction. (*See* Protective Order at ECF 42).

Pursuant to D.C.Colo.LCiv. 7.2(c), a Motion to Restrict must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question, and; (5) identify the level of restriction sought. (D.C.Colo.LCiv. 7.2(c)).  "(T)he public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." ***EEOC v. A & A Appliance, Inc.***, 2025 U.S. Dist. LEXIS 42035, *1-2 (D. Colo. March 7, 2025), citing ***Huddleson v. City of Pueblo, Colo.***, 270 F.R.D. 635, 636 (D. Colo. 2010). "As a result, there is a presumption in favor of public access to judicial records that may be overcome where 'countervailing interests heavily outweigh the public interests in access.'" ***A & A Appliance***, *supra*, citing United States

2

*v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quotation marks omitted). "Therefore, the district court, in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." **A & A Appliance**, *supra*, citing **Bacon,** *supra*.

The Defendants now seek to maintain the Level 1 restriction of the afore-mentioned documents, on the following grounds:

### A.  ECF 62, Supervisory Review Findings

As part of the internal investigation into the actions of Defendant Park, the City conducted an administrative investigation ("Investigation"). Portions of the investigation were submitted in support of the Defendants' Motion for Summary Judgment (*See* ECF 62, marked as *Exhibit E*).  The Investigation was previously marked as Confidential under the Protective Order entered in this matter, as it contains information with respect to specific arrests and determinations regarding the actions by Defendant Park and his job performance.  Citation to the document, however, is meant to establish certain background facts not otherwise elicited during discovery and as such, the entire Investigation is not provided or cited by the City.

Since only portions are provided, removal of the Level 1 restriction does not benefit the public, and in fact without consideration of the specific arguments in the Motion for Summary Judgment, dissemination risks providing the public with an incomplete analysis. Therefore, no legitimate public purpose exists for removal of the restriction.

The materials are also protected under the deliberative process privilege which "covers 'documents reflecting advisory opinions, recommendations and deliberations

3

comprising part of a process by which governmental decisions and policies are formulated.'" **United States v. Lujan**, 530 F.Supp. 2d 1224, 1251 (D.N.M. 2008), citing **Dep't of Interior v. Klamath Water Users Protective Ass'n**, 532 U.S. 1, 8 (2001). Production of even a portion of the Investigation, would unnecessarily chill the deliberative process and therefore the Level 1 restriction should remain.

### B. ECF 62-1, Supervisory Review Findings Memo

The Supervisory Review Findings Memo, submitted as ECF 62-1, *Exhibit E-1*, should likewise be protected under a Level 1 restriction.

### C. ECF 62-2, Plaintiff's Certificate of Completion of Court Ordered Education regarding Criminal Case

As part of the Motion for Summary Judgment, Defendants submitted materials related to Mr. Kulas Court Ordered education. Those materials are protected from public view, in the underlying criminal matter. In order to maintain the protection and privacy, the documents submitted as ECF 62-2 and marked as *Exhibit J*, should maintain their Level 1 restriction.

### II. CONCLUSION

WHEREFORE, Defendants, City of Fort Collins, Kevin Park and Avery Hanzlicek, requests the above-mentioned Exhibits, submitted with the Motion for Summary Judgment, maintain the Level 1 restriction.

Respectfully submitted this 5th day of August 2025.

                                                  s/ *Mark S. Ratner*
                                                  Mark S. Ratner, Esq.
                                                  Edmund M. Kennedy, Esq.
                                                  John F. Peters, Esq.

        Hall & Evans, L.L.C.
        1001 17th Street, Suite 300, Denver, CO 80202
        303-628-3300 /Fax: 303-628-3368
        ratnerm@hallevans.com
        kennedye@hallevans.com
        petersj@hallevans.com
        **ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 5th day of August 2025 a true and correct copy of the foregoing **DEFENDANT CITY OF FORT COLLINS, KEVIN PARK AND AVERY HANZLICEK'S MOTION TO RESTRICT ECF 62, 62-1 and 62-2 TO A LEVEL I RESTRICTION PURSUANT TO D.C.Colo.LCiv 7.2(c)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Sarah Schielke, Esq.
sarah@lifeandlibertylaw.com

Matthew Haltzman, Esq.
matthew@haltzmanlaw.com

        *s/ Sarah Stefanick*

5